**UNITED STATES**

v.

**Major Jacob POLLACK, 082–36–5302 FV, United States Air Force.**

**ACM 22429.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 24 June 1978.

Decided 12 April 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Lieutenant Colonel Larry G. Stephens.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Lieutenant Colonel William H. Seckinger, USAFR.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ORSER, Judge:

Tried by a military judge sitting alone as a general court-martial, the accused was convicted of six specifications alleging the unlawful furnishing of false and fraudulent material information in connection with prescriptions for the controlled drugs percodan and quaalude;[1] fourteen specifications of unlawfully obtaining possession of the controlled drugs quaalude and percodan by misrepresentation and deception; one specification of unlawfully using a communications facility (a telephone) to obtain by misrepresentation the controlled drug percodan; and one specification of conspiracy to wrongfully obtain and transfer the controlled drug valium.[2] The approved sentence is dismissal from the service, confinement at hard labor for three months and a fine of $5,000.00, with the further provision for an additional three months confinement at hard labor in lieu of payment of the fine.

In the sole assertion of error meriting address, appellate defense counsel contend the court-martial lacked jurisdiction over the fourteen specifications charging the accused with unlawfully obtaining possession of the drugs quaalude and percodan.

The challenged offenses occurred at various times from 6 May to 14 November 1977. The record shows that the accused, a medical officer, committed the offenses by mis-

---

1. Such information was furnished in a record required to be made under Subchapter I of Chapter 13, Title 21 United States Code.

2. The violations were of various subsections of 21 U.S.C. § 843 and Articles 134 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 881.

representing to pharmacists in civilian communities near Williams Air Force Base, Arizona, that controlled drugs he ordered were intended for patients when, in fact, they were for his own use. In determining the question of jurisdiction, the military judge made the following findings of fact which we find supported by the record; (1) the accused obtained the drugs by appearing in his military uniform or by identifying himself as an Air Force doctor; (2) the prescriptions he presented were written on official Air Force forms and, with the exception of two, were stamped with the accused's official military stamp; (3) through the use of such forms the accused misrepresented to the pharmacists filling the prescriptions that the medication was for patients seen in his official capacity as a military doctor.

Appellate defense counsel argue that the only factors favoring service connection were the use by the accused of the Air Force prescription forms and his being in uniform when the prescriptions were presented and filled. We find significantly greater service connection touchstones. Having carefully evaluated the record in terms of the criteria propounded in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), we are convinced the offenses are sufficiently service connected to warrant their trial by court-martial together with the remaining offenses as to which jurisdiction is unchallenged. See *United States v. Alef*, 3 M.J. 414 (C.M.A. 1977); *United States v. King*, 6 M.J. 927 (A.F.M.C.R.1979).

We do not agree with appellate defense counsel that the accused's status as a physician was the sole significant factor involved in the challenged offenses. Such argument simply does not square with the reality of the evidence. As appellate government counsel aver, there was a close connection between the accused's military duties and the manner in which he committed the of-

fenses. The record is clear that he used his position as a military medical officer to deceive each pharmacist involved into believing he was dispensing drugs for an official Air Force purpose. We agree with government counsel that such conduct deserves far more jurisdictional significance than situations involving the mere incidental means of identifying persons as service members discussed in *United States v. Hopkins*, 4 M.J. 260 (C.M.A.1978) and *United States v. Sims*, 2 M.J. 109 (C.M.A.1977). Here, the Air Force interest in the prosecution of the offenses is profound, for the accused misused his status and position as an Air Force medical officer to fraudulently obtain the drugs involved in the offenses.[3]

We are in like accord with appellate government counsel that the Air Force has an essential interest in the integrity of its members in their official dealings with members of the civilian community. Misrepresentation and deception practiced by members purporting to act in their official capacity has an obvious adverse impact on the military service they represent, as well as the military community with which they are identified. The accused's abuse of his military position, in our view, constituted a flagrant flouting of military authority.

We find further military significance in the fact that the drug offenses of instant focus were clustered among additional on base crimes of a similar nature. As such, the off base offenses were part of an integrated course of conduct primarily centered on the military installation. See *United States v. King, supra.*

Relating the circumstances to specific *Relford* criteria, we are satisfied that the following factors establish that the Air Force had an overriding, if not exclusive, interest in prosecuting the offenses:

(1) The offenses, especially in their particulars of commission, were closely related to the accused's military duties;

---

**3.** For parallel reasoning see *United States v. Gladue*, 4 M.J. 1 (C.M.A.1977), where the Court found that the misuse and abuse of the accused's military duties were sufficient to establish service connection concerning a charge of conspiracy to introduce heroin into a military aircraft for the purpose of transfer to the United States. See also *United States v. Moore*, 1 M.J. 448 (C.M.A.1976).

(2) They were related to military authority and involved a flouting of such authority;

(3) They involved a violation of military property to the extent that official Air Force forms and identification stamps were utilized in their commission; and

(4) They presented at least a potential threat to the military base implicit in the abuse of dangerous drugs by one entrusted with sensitive and exacting medical duties.

We conclude that the military community interest in prosecuting all challenged offenses was paramount. The circumstances demonstrate a unique military concern that could not be adequately vindicated in the civilian courts. *Schlesinger v. Councilman,* 420 U.S 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

For the reasons stated, the approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

EARLY, Chief Judge, HERMAN and ORSER, Judges, concur.